UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEON FRANKLIN, JR.,

    Petitioner,

v.                                        Case No. 4:23-cv-497-WS-MJF

RICKY D. DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Leon Franklin, Jr., proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The undersigned concludes that the petition should be dismissed summarily for lack of jurisdiction, because the petition is an unauthorized "second or successive" habeas corpus application.

### I.   Background

Franklin (DC #124317) is an inmate of the Florida Department of Corrections currently confined at the Hardee Correctional Institution. Doc. 1 (Mailing Envelope). Franklin's habeas petition challenges his judgment of conviction and life sentence for First Degree Murder imposed

by the Madison County Circuit Court in Case No. 1995-CF-131. Doc. 1 at 1, 3. Franklin claims that his conviction and sentence denied him due process because prior to trial, he signed a plea agreement for 17-22 years of imprisonment, but the plea deal was "botch[ed]." Doc. 1 at 3-4.

Franklin previously filed a § 2254 petition in the United States District Court for the Northern District of Florida challenging the same judgment. *See Franklin v. State of Florida*, Case No. 4:00-cv-468-RV.[1] That § 2254 petition was denied with prejudice, and a certificate of appealability was denied by the District Court and the United States Court of Appeals for the Eleventh Circuit. *See* Case No. 4:00-cv-468-RV, Docs. 70, 75, 99, 103 and 122.[2]

In 2001, Franklin filed a second § 2254 petition in the United States District Court for the Northern District of Florida challenging the same judgment. *See Franklin v. Moore*, Case No. 4:02-cv-367-SPM. That § 2254 petition was summarily dismissed as an unauthorized second or

---

[1] The court takes judicial notice of its own records. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

[2] Franklin also filed a § 2254 petition in *Franklin v. Moore*, No. 4:01-cv-69-WS-WCS, but the case was administratively closed as it was identical to the petition in 4:00-cv-468-RV.

successive habeas corpus application. *See* Case No. 4:02cv367-SPM, Docs. 7, 13. Franklin now seeks to challenge the same judgment a third time.

## II. DISCUSSION

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it).

Franklin's present § 2254 petition is a "second or successive" habeas corpus application. Franklin does not allege or show that he obtained the

Eleventh Circuit's authorization to file this petition. Franklin indicates that he filed the petition because he "do[es] not know what vehicle to use to address this issue." Doc. 1 at 2. The proper vehicle is for Franklin to file in the Eleventh Circuit Court of Appeals an application for leave to file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3) and (4).

Franklin's failure to receive the requisite authorization *before* filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, Doc. 1, challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Leon Franklin, Jr.*, Madison County Circuit Court Case No. 1995-CF-131, be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of court close this case file and send Petitioner the Eleventh Circuit's form titled "Application for Leave to File a

Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody."

At Panama City, Florida, this 17th day of November, 2023.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**